IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST   )
FROM RUSSIA               )
IN THE MATTER OF          )      Misc. No. 06-
DECOR TRADE, LTD.         )

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Russia. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Russian authorities who are investigating a case of alleged tax fraud.

EVIDENCE SOUGHT:

The Russian authorities seek information about a company that may reside in this District. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part

the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Russia and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority

to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled ex parte, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: /s/ Richard G. Andrews
Richard G. Andrews
Assistant U.S. Attorney
Delaware Bar I.D. No. 2199
1007 N. Orange Street
Wilmington, DE  19801
(302) 573-6277

Dated: 5/9/06

**Prosecutor General's Office
of the Russian Federation**

15A Bolshaya Dmitrovka
Moscow, GSP-3, 125993, Russia

31.01.2006   Our ref. 35/2-3284-05

**Ms. Mary Ellen Warlow**
Director
Office of International Affairs
U.S. Department of Justice

1301 New York Ave. NW
Washington, D.C. 20005

**Dear Ms. Warlow,**

The Prosecutor General's Office of the Russian Federation presents its compliments to the U.S. Department of Justice and, pursuant to the Treaty on Mutual Legal Assistance in Criminal Matters of June 17, 1999, applies with supplementary request for legal assistance in criminal matter No. 343408 instituted on the elements of crime specified in Art. 30 part 3 and Art.159 part 4 of the Criminal Code of the Russian Federation on the fact of attempted fraud in respect of the Executives of Joint-Stock Company "Industrial Association "Plant Stella".

The essence of the assistance required is set forth in the request of the Investigative Department at the Department of Internal Affaires of the Zelenogradsky Administrative District of Moscow, attached hereto.

Procedural criminal law of the Russian Federation envisages limited terms of the prejudicial investigation on criminal matters. Procedural terms violation may adversary affect the results of criminal investigation and brining to justice the accused. In view of the above, please take all the necessary measures to execute the above-mentioned request prior to June 1, 2006 and forward the results obtained to the Prosecutor General's Office of the Russian Federation.

The Prosecutor General's Office of the Russian Federation guarantees that the documents and data obtained during the course of the request execution will be used for the purposes of the investigation only and will not cause any harm to the sovereignty, security and public order of the United States of America.

If there are any reasons preventing you from the request fulfillment, please advise the Procurator General's Office of the Russian Federation without delay. If the request has been partially executed, we kindly ask you to submit materials obtained.

The Prosecutor General's Office of the Russian Federation thanks you in advance for your cooperation and confirms its readiness to provide similar or other kind of legal assistance in criminal matters to the law-enforcement agencies of the United States of America.

Enclosure: in 42 pages.

**Acting Chief
International Law Department**                           /signed/                     S.V.Gorlenko

Translated into English by N.Prasolova

Translated from Russian

| | |
|---|---|
| **MINISTRY OF INTERNAL AFFAIRES OF THE RUSSIAN FEDERATION** | To competent bodies of The United States of America |

**INTERNAL AFFAIRES DEPARTMENT**
of Zelenogradsky administrative district of
the city of Moscow

**INVESTIGATION DEPARTMENT**
124575, Moscow, Zelenograd,
28a, Panfilov Street
phone: (495) 530-91-11
fax: (495) 530-90-42
19.12. 2005 № 010/4-2706

## INTERNATIONAL INVESTIGATIVE COMMISSION

The city of Moscow                                                                 December 15, 2005

The Investigation Department attached to the Internal Affaires Department of Zelenogradsky administrative district of the city of Moscow on the basis of the agreement between the Russian Federation and the United States of America "About mutual and legal assistance in criminal cases investigation" (the city of Moscow, 17 June 1999) apply to you with an inquiry about legal assistance giving in connection with the investigation of the criminal case № 343408.

The Investigation Department attached to the Internal Affaires Department of Zelenogradsky administrative district of the city of Moscow assures the competent bodies of the USA that the present inquiry about giving of legal assistance in the investigated criminal case has been made in full agreement with the Russian legislation, by the authorized body within the limits of plenary powers given to him.

Execution of the investigative actions in the territory of the USA is necessary for guaranteeing of completeness, fullness and objectivity of preliminary investigation and further examination of the present criminal case ad litem.

The Investigation Department attached to the Internal Affaires Department of Zelenogradsky administrative district of the city of Moscow guarantees that all intelligence and documents, received as a result of the present inquiry execution, can be used only in the criminal case investigation, evidence collection for the criminal case and also in the court examination but they can't be used for any other purposes.

At present time the criminal case № 343408, brought on September 29, 2005, is investigated by the Investigation Department attached to the Internal Affaires Department of Zelenogradsky administrative district of the city of Moscow according to the corpus delicti, contemplated by part 3 of the Article 30 and part 4 of the Article 159 of the Criminal Code of the Russian Federation.

During the present case investigation it was determined that according to the legislation of the Russian Federation the value added tax (hereinafter VAT) is a kind of federal indirect tax and constitutes the system of merchandise taxation at the rate of value, added at each stage of its production, exchange and resale. VAT is added by the producer and salesman to the merchandise value, is paid by the customer and is calculated as difference between VAT paid by the customer and VAT paid because of expenses, included into production price. VAT is put in a single line in payment documents. VAT payers are considered to be: organizations, private businessmen and persons who are accepted as taxpayers in connection with merchandise transference through the custom border of the Russian Federation. There are three types of tax rates in the case of VAT calculation. In the case of external economic activity of the taxpayer, videlicet realization of the merchandise, taken out for export, taxation is executed at the tax rate of 0 per cent. According to the aforesaid the taxpayer after realization of the merchandise for export has a right to present documents to the territorial inspectorate of Federal Taxation Service of the Russian

22

Federation for reimbursement from federal budget of the value added tax, paid during the transaction of merchandise selling for export.

In June 2004 the taxpayer Joint Stock Company "Production Association "ZAVOD STELLA"(Russia) (hereinafter JSC "PA "ZAVOD STELLA") produced documentation to the Inspectorate of Federal Tax Service of the Russian Federation № 35 (hereinafter IFTS № 35) in the city of Moscow which give a right for reimbursement from Federal budget of the Russian Federation of the value added tax for May 2004 and for the sum of 1.486.133 roubles.

According to the results of the cameral taxation examination, carried by the officers of IFTS № 35 in the city of Moscow it was determined that according to the presented documents JSC "PA "ZAVOD STELLA" (committent) made the contract № Exp-3/03 of October 20, 2003 with Limited Liability Company (hereinafter LLC) "Steltron" (Russia) (sales representative), the main item of that treaty was contract-making between sales representative (LLC "Steltron") and a foreign customer for selling of the merchandise (homoepitaxials radiating diode plates, HRDP*D*970*5*2.1*400), which was the property of the committent (JSC "PA "ZAVOD STELLA"). After that LLC "Steltron" with the purpose of commission contract terms execution made the contract № 03/03 of October 20, 2003 with the company "West Valley Technology, LLC" (USA). The contract item was delivery of homoepitaxials radiating diode plates, HRDP*D*970*5*2.1*400 for the sum of 250.500 dollars USA to the address of the company "West Valley Technology, LLC" (USA) according to the custom load invoice (CLI) № 10005001/101103/0047744 and airway bill № 257-4399 6621 of the airline "Austrian Airlines". The delivered merchandise was paid by the company "Décor Trade LTD" (Suite 606, 1220 N. Market Street, Wilmington, DE 19801, Country of New Castle, USA, bank details: Acc. №: ▓▓▓▓▓ with DEUTSCHE BANK TRUST COMPANY AMERICAS, New York, USA, SWIFT: ▓▓▓▓▓ Acc.(USA) №: ▓▓▓▓▓ with LATEKO BANK, Riga, Latvia, SWIFT: ▓▓▓▓▓ that transferred monetary funds from its settlement account in the bank "LATEKO BANK" to transient monetary account of LLC "Steltron" № ▓▓▓▓▓ in the commercial Bank "Neftyanoy" (Russia, the city of Moscow).

According to the documentation presented by JSC "PA "ZAVOD STELLA", the mentioned merchandise (homoepitaxials radiating diode plates, HRDP*D*970*5*2.1*400) containing 701 plates with gross weight of 18.6 kilos, packed into two wooden boxes passed custom registration on November 10, 2003 and was transferred beyond the border of the Russian Federation on November 12, 2003 with the flight "OS 602", started from airport "Sheremetievo-II" with itinerary "MOSCOW, SVO-VIE-LAX" and finished in airport "Los-Angeles".

According to the response of the Embassy of the USA in the city of Moscow, there is no airway bill № ▓▓▓▓▓ in the data bank of automated commercial system SITR MB USA, on the basis of which the delivery of diode plates was executed from LLC "Steltron" (Russia) to the address of the company "West Valley Technology, LLC" (USA).

The investigation suppose that the aforesaid merchandise hadn't been produced and wasn't transferred from the territory of the Russian Federation, and the documents presented by JSC "PA "ZAVOD STELLA" to IFTS № 35 in the city of Moscow are forged.

Extract from the Criminal Code of the Russian Federation:

**Article 30.**

**Part 3.** Intentional actions (inaction) by the person concerned, directed expressly towards the commission of a crime, shall be deemed to be an attempted crime, unless the crime has been carried out owing to circumstances beyond the control of this person.

**Article 159.**

**Part 1.** Swindling, that is, the stealing of other people's property or the acquisition of the right to other people's property by fraud or breach of trust, -

**Part 4.** Swindling committed by an organized group or on an especially large scale -
shall be punishable by deprivation of liberty for a term of five to ten years with or without a fine in the amount of up to one million roubles or in the amount of the wage or salary, or any other income of the convicted person for a period of up to three years.

23

To determine the circumstances of the crime committed we ask you to execute the following actions on the territory of the United States of America in connection with the criminal case № 343408:

1. to ask custom bodies of the United States of America about receiving and custom registration of the load - homoepitaxials radiating diode plates, HRDP*D*970*5*2.1*400 for the sum of 250.500 dollars USA, directed on November 12, 2003 from LLC "Steltron" (Russia) to the address of the company "West Valley Technology, LLC" (USA) according to the custom load invoice (CLI) № 10005001/101103/0047744 and airway bill № 257-4399 6621 of the airline "Austrian Airlines" with the flight "OS 602", started from airport "Sheremetievo-II" with itinerary "MOSCOW, SVO-VIE-LAX" and finished in airport "Los-Angeles".

2. in the case of affirmative reply, to execute a seizure in the custom bodies of the United States of America of all the original documents, proving virtual importation to the custom territory of the United States of America and custom registration of the load - homoepitaxials radiating diode plates, HRDP*D*970*5*2.1*400 for the sum of 250.500 dollars USA, directed on November 12, 2003 from LLC "Steltron" (Russia) to the address of the company "West Valley Technology, LLC" (USA) according to the custom load invoice (CLI) № 10005001/101103/0047744 and airway bill № 257-4399 6621 of the airline "Austrian Airlines".

3. to find out and interrogate as witnesses the officers of the custom bodies of the United States of America, who executed custom registration of the load - homoepitaxials radiating diode plates, HRDP*D*970*5*2.1*400 for the sum of 250.500 dollars USA, directed on November 12, 2003 from LLC "Steltron" (Russia) to the address of the company "West Valley Technology, LLC" (USA) according to the custom load invoice (CLI) № 10005001/101103/0047744 and airway bill № 257-4399 6621 of the airline "Austrian Airlines", about the circumstances of that load custom registration.

4. to determine and confirm by the documents exact biographical particulars and properties of the founders and participants (stockholders) of the company "West Valley Technology, LLC" (USA).

5. to interrogate as witnesses the founders and participants (stockholders) of the company "West Valley Technology, LLC" (USA) (their representatives) on the subject of their private and economic relations with "Decor Trade, LTD" and with organizations, mentioned in the item 6 of the present commission, their representatives, participants (stockholders); on the subject of their knowledge about the terms of making and execution of the contract № 03/03 of October 20, 2003 between LLC "Steltron" and the company "West Valley Technology, LLC" (USA), concerning the delivery to the USA of homoepitaxials radiating diode plates, HRDP*D*970*5*2.1*400 for the sum of 250.500 dollars USA.

6. to determine real location of the company "Decor Trade, LTD" on the territory of the United States of America and to interrogate as witnesses director and chief accountant of the present company on the following subjects:

- What were the financial and economic relations for the period of 2003-2004 between the company "Decor Trade, LTD" and the following organizations:
- The company "West Valley Technology, LLC" (4230 Park Newport #308, Newport Beach, CA 92660);
- Unitary private trade and production enterprise "Privatservis" (UE 590580107, the Republic of Belarus, Grodno Region, the city of Lida, Nevskogo Street 15-1);
- LLC "Alvers-Trade" (TIN 7703214665, Russia, the city of Moscow, Shmitkovsky pereulok 10/7, building 1, flat 3);
- LLC "Solis-Trade" (TIN 7728243643, Russia, the city of Moscow, Vvedenskogo Street 13);
- LLC "NPK Zavod "Stella" (TIN 7735107955, Russia, the city of Moscow, the city of Zelenograd, Panfilovsky prospect 8, building 13);
- JSC "Production Association "ZAVOD STELLA" (TIN 7735111366, Russia, the city of Moscow, the city of Zelenograd, Panfilovsky prospect 8, building 5);
- LLC "Steltron" (TIN 7721200432, Russia, the city of Moscow, Mikhailova Street 39, building 1);

24

- LLC "Ecomet company" (TIN 7721142484, Russia, the city of Moscow, First Institutsky proezd 3);
- LLC "Travel Servis" (TIN 7730136889, Russia, the city of Moscow, Filevsky bulevar 10, building 3);
- Closed JSC NPK "Edict" (TIN 7721077690, Russia, the city of Moscow, Mikhailova Street 39, building 1 );
- LLC "Diatens" (TIN 7702327994, Russia, the city of Moscow, Bolshoi Kiselny pereulok 14, building 1 );
- LLC "Dalmet" (TIN 7721162025, Russia, the city of Moscow, Mikhailova Street 39, building 1)?
- What are the detailed circumstances of making and execution of the contract № 03/03 of October, 2003 between the company "West Valley Technology, LLC" (USA) and LLC "Steltron" (Russia) ), concerning the delivery to the USA of homoepitaxials radiating diode plates, HRDP*D*970*5*2.1*400 for the sum of 250.500 dollars USA? (in the response pay more attention to biographical particulars and properties of the parts of the present relations).
- On the basis of what contracts (agreements) and according to what documents the company "Decor Trade LTD" executed the payment from its settlement account in the bank "LATEKO BANK" (the Republic of Latvia, Riga) to the transient monetary account № ▮▮▮▮▮▮▮▮▮▮▮ in LLC Commercial Bank "Neftyanoy" (Russia, the city of Moscow), possessed (account) by LLC "Steltron", at the rate of 250.000 dollars USA on account of payment for the merchandise - homoepitaxials radiating diode plates, HRDP*D*970*5*2.1*400, directed from LLC "Steltron" (Russia) to the address of the company "West Valley Technology, LLC" (USA) according to the custom load invoice (CLI) № 10005001/101103/0047744 and airway bill № 257-4399 6621 of the airline "Austrian Airlines"?

7. to determine and confirm by the documents exact biographical particulars and properties of the founders and participants (stockholders) of the company "Decor Trade LTD".

8. to interrogate as witnesses the founders and participants (stockholders) of the company "Decor Trade LTD" (their representatives) on the subject of their relations with organizations, mentioned in the item 6 of the present commission, their representatives, participants (stockholders); on the subject of their knowledge about the terms of making and execution of the contract № 03/03 of October 20, 2003 between LLC "Steltron" and the company "West Valley Technology, LLC" (USA), concerning the delivery to the USA of homoepitaxials radiating diode plates, HRDP*D*970*5*2.1*400 for the sum of 250.500 dollars USA?

9. to execute a seizure in the company "Decor Trade LTD" of all the original financial and economic documents, connected with transference of monetary funds by the company "Decor Trade LTD" from its settlement account in the bank "LATEKO BANK" (the Republic of Latvia, Riga) to the transient monetary account ▮▮▮▮▮▮▮▮▮▮▮ of LLC "Steltron" in LLC Commercial Bank "Neftyanoy" (Russia, the city of Moscow) at the rate of 250.000 dollars USA on account of payment for the merchandise - homoepitaxials radiating diode plates, HRDP*D*970*5*2.1*400, directed to the address of the company "West Valley Technology, LLC" (USA) according to the custom load invoice (CLI) № 10005001/101103/0047744 and airway bill № 257-4399 6621 of the airline "Austrian Airlines"?

Before the interrogation we ask you to acquaint the witnesses with their rights and duties according to the Article 56 of the Criminal-Procedure Code of the Russian Federation and notify them in advance about the responsibility for deliberate giving false evidence according to the Article 307 CC RF, for rejection of evidence giving according to the Article 308 CC RF and for dissemination of the preliminary investigation intelligence according to the Article 310 CC RF, only if it doesn't contradict the legislation of the United States of America.

We ask you to take into consideration that the intelligence given in the international investigative commission is confidential and being a part of investigation secrecy it can be used only in administrative way.

The Investigation Department attached to the Internal Affaires Department of Zelenogradsky administrative district of the city of Moscow thanks you in advance for co-operation in this case and taking an opportunity wants to assure you in its great respect and readiness to render similar legal assistance in the case of corresponding commissions.

We ask you to send the response to the Investigation Committee attached to Ministry of Internal Affaires of the Russian Federation to the address: 6, Gazetny pereulok, the city of Moscow, the Russian Federation, 103009. Fax: (007-495) 530-90-42, (007-495) 531-94-83, Phone: (007-495) 532-88-54.

Supplement:
*Resolution about execution of seizure in four pages;*
*Extract from the Criminal Code of the Russian Federation and from the Criminal-Procedure Code of the Russian Federation in ten pages;*
*Copies* of the custom load invoice (CLI) № 10005001/101103/0047744 and airway bill № 257-4399 6621 of the airline "Austrian Airlines" in two pages.

**Senior investigation officer for the most important cases of**
**The Investigative part of the Investigation Department attached to**
**The Internal Affaires Department of**
**Zelenogradsky administrative district in the city of Moscow**
**Justice captain:**           (sgd)                    M.V. Zorikhin

"Being adjusted" with
**Head of the Investigation part of**
**The Internal Affaires Department of**
**Zelenogradsky administrative district in the city of Moscow**
**Justice major:**                                      Yu. P. Akimov

26

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

IN RE LETTER OF REQUEST )
FROM RUSSIA )
IN THE MATTER OF ) Misc No. 06-
DECOR TRADE, LTD. )

<u>ORDER</u>

Upon application of the United States of America; and upon examination of a letter of request from Russia whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Russia and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Russian authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

      3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in Russia, which procedures may be specified in the request or provided by the Russian authorities;

      4. seek such further orders of this Court as may be necessary to execute this request; and

      5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Russian authorities.

      IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

      Dated: This _____ day of _____, 2006.

_____
United States District Court Judge